IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-ct-3019-BO

ANTONIO MONTRELL SNOW, )
)
         Plaintiff, )
)
v. ) **ORDER**
)
WILSON COUNTY DETENTION )
CENTER, et al., )
)
         Defendants. )

On January 24, 2017, Antonio Montrell Snow ("Snow"), an inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1] alleging that he was injured while in custody when a cell door fell him. Id. at 4–5. Snow sought, and was granted, leave to proceed in forma pauperis. See [D.E. 2, 7]. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the court referred Snow's complaint to United States Magistrate Judge Robert T. Numbers, II, for initial review under 28 U.S.C. §1915A(a).

On September 19, 2017, Magistrate Judge Numbers issued an Order and Memorandum Recommendation ("M&R") recommending that the court dismiss Snow's section 1983 claim. See [D.E. 10]. The M&R determined that Snow had failed to state a claim for which relief could be granted because he had neither named a party amenable to suit nor alleged the violation of a constitutional right. See id. at 5.

Snow did not timely file objections to the M&R. However, on October 23, 2017, Snow filed with the court a letter, construed as a "Motion for Investigation," describing his ongoing difficulties with medical treatment and requesting that his medical records be "investigated." See [D.E. 11].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, and the plaintiff's complaint, and is satisfied that there is no clear error on the face of the record. See id. Additionally, because the M&R warned Snow that failure to file timely written objections to the M&R would bar him from appealing to the Court of Appeals, see [D.E. 10] at 6, Snow has likewise waived his right to appeal, see Wells v. Shriners Hosp., 109 F.3d 198, 199 (4th Cir. 1997) ("If a party exercises his option not to file objections [to the Magistrate's M&R], however, he also chooses to waive his appeal."), c.f. Wright v. Collins, 766 F.2d 841, 846–47 (4th Cir. 1985) (finding that, because the pro se litigant did not receive appropriate notice that failure to object to a Magistrate's M&R would prevent appeal and lead to procedural default, the litigant's failure to object in a timely manner did not bar the appeal).

Accordingly, the court ADOPTS the conclusions of the M&R [D.E. 10], DISMISSES Snow's complaint [D.E. 1] for failure to state a claim upon which relief may be granted, and DISMISSES AS MOOT his "Motion for Investigation" [D.E. 11]. The clerk is DIRECTED to close the case.

SO ORDERED. This 27 day of November 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge